IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE SEDA MARTINEZ, YASMIN RAMIREZ RODRIGUEZ,** and their conjugal partnership | **CIV. NUM** 18 |
| Plaintiff, | Re: Discrimination |
| v. | ADA |
| **NATIONAL UNIVERSITY COLLEGE, INSURANCE COMPANY ABC, CORPORATION DEF, JOHN DOE, JANE DOE, and their conjugal partnership,** | |
| **Defendants** | |

_____

### COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** plaintiffs Jose Seda Martinez, Yasmin Ramirez Rodriguez, and their conjugal partnership, through their undersigned counsel, and respectfully **ALLEGE** and **PRAY** as follows:

### I.  JURISDICTION

1. This suit is brought and jurisdiction lies pursuant to the Americans with Disabilities Act 42 U.S.C. §12111 *et seq*.

2. This Honorable Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. 1331 and 1343. Its jurisdiction over state law claims is invoked pursuant to the doctrine of pendent or supplemental jurisdiction. 28 U.S.C. 1367. The

following local laws are invoked: Law 44 and Articles 1802 and 1803 of the Puerto Rico Civil Code.

3. The proper venue for this case lies in this Court, as the defendant National University College business in Puerto Rico and the causes of action occurred here. .

4. The college's actions in refusing to accommodate Mr. Seda's disability without grounds have caused and are causing him and his wife significant and irreparable harm. The harm includes a physical injury and emotional distress.

## II. **PARTIES**

5. Plaintiffs José Martínez Seda, Yasmin Ramirez Rodríguez and their conjugal partnership are of legal age, married to each other, and residents of Puerto Rico. Mr. Seda and his wife have been separated for little over a year. At all times relevant to the instant Complaint, Mr. Seda was an individual protected by the laws invoked in this Complaint.

6. Defendant, National University College is an educational institution with duties as to public accommodation as defined by the statutes invoked herein.

7. Defendant Insurance Company A, B, and C is an insurance companies that may have issued and have in effect policies of insurance for the risks that result from the acts stated in this Complaint, the identity of which are unknown at present.

8. Defendants John Doe, Jane Doe, and their respective conjugal partnerships, are persons responsible for the acts and damages alleged in the instant case whose identities are unknown at this moment.

2

### III. **FACTS**

9. Mr. Seda began to take classes at NUC about two years ago.

10. Mr. Seda had been a police officer for thirteen years and then went to work with his father in his liquor store in Cataño.

11. In February 2011, three assailants robbed the liquor store.

12. One of them shot Mr. Seda in the leg, which had to be amputated.

13. After a period of rehabilitation, Mr. Seda began doing odd jobs and helping his father, never making very much money.

14. Mr. Seda had an associate's degree, so he decided to apply to study to be able to achieve more out of his life.

15. In 2016, Mr. Seda applied to NUC, which accepted him for admission to study electrical technical engineering.

16. In his first semester Mr. Seda did not have any problems.

17. In his second semester, Mr. Seda was unable to use his desk because of its height and he asked his professors, who directed him to Student Affairs.

18. Mr. Seda approached Willie Andrade Pizarro in Student Affairs, who told him that the Americans with Disabilities Act did not apply to NUC.

19. Mr. Seda kept trying.

20. Alise Aguirre told Mr. Seda that she was handling the matter.

21. Lisa M. Ortega had Mr. Seda complete a form to request a reasonable accommodation, but never responded to his request.

22. On information and belief, NUC does not have a policy as to reasonable accommodation was required by the ADA.

23. After Hurricane Maria, Mr. Seda asked to be able to perform his laboratory work on the first floor because of the frequent power outages.

24. NUC refused this reasonable accommodation as well, and, as result, on three occasions Mr. Seda was left on fifth floor to wait until the power returned.

25. When NUC had fire drills, its way of handling Mr. Seda's disability was to leave him in the building to burn.

26. On October 2, 2018, Mr. Seda went to NUC to perform laboratory work.

27. Because of the lack of a reasonable accommodation, Mr. Seda had to wedge his wheelchair into the laboratory cubicle.

28. Mr. Seda could not see beneath the desk, where the electric outlet had exposed wires.

29. As a result of defendants' violations of the ADA and their gross negligence, Mr. Seda then suffered a severe electrical shock.

30. Because of the shock, Mr. Seda has not been able to use his prosthetic leg, which severely limits his mobility.

31. Mr. Seda went to the emergency room because he suffered an electrical shock from the waist down through his privates and his remaining leg.

32. On October 3, 2018 Mr. Seda asked NUC for assistance.

4

33. The Director of Student Affairs told Mr. Seda to bring him the bill from the emergency room, which he did. The director then told Mr. Seda that the bill was not a bill.

34. On October 3, 2018 in the morning Mr. Seda took two photographs of the outlet with the wires disconnected.

35. Mr. Seda called OSHA and told the NUC administration that they should fix the exposed wires.

36. By the time OSHA arrived, the NUC had fixed the exposed wires, and Maria Rivera Santiago denied that the problem had ever existed.

37. The OSHA representative told Mr. Seda that the NUC was denying the violation, and Mr. Seda showed him the photographs he had taken.

38. Mr. Seda subsequently went to his treating physician, Luis E. Moreno, MD, who examined him and found an irregular heartbeat.

39. Dr. Moreno told Mr. Seda that the electric shock could have caused harm to his heart.

40. Mr. Seda had laboratory tests performed and has an appointment for January 10 to discuss the results with Mr. Seda.

41. NUC has remodeled its tables for working with electricity, making them higher than before so that they are not within Mr. Seda's reach, requiring Mr. Seda to depend on fellow students to assist him.

## FIRST CLAIM FOR RELIEF

5

**(ADA and Other Federal Laws)**

42. Plaintiffs incorporates as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

43. Defendants' refusal to provide reasonable accommodations violated the Americans With Disabilities Act with knowing and reckless disregard of said Act's proscriptions.

44. The defendants engaged in policies and practices which willfully, or in the alternative unwilfully, discriminated against Mr. Seda on the basis of his disability as previously set forth in this Complaint.

45. All of the previously mentioned acts of defendants violate the ADA, and Mr. Seda should be paid compensation for his physical and emotional distress, and punitive damages in an amount not less than $500,000.

**SECOND CLAIM FOR RELIEF**

**(ACT 44 - P.R.)**

46. Plaintiffs incorporate as if realleged, the preceding paragraphs with the same force and effect as if herein set forth.

47. The acts of defendants previously set forth in this Complaint, also violate Puerto Rico's Act 44 of July, 2nd 1985, as amended, 1 L.P.R.A. 501 et seq., because plaintiff's disability was a motivating factor and made a difference in the decision to refuse Mr. Seda a reasonable accommodation, and defendants willfully,

6

or in the alternative, unwillfully, engaged in practices that discriminated against Mr. Seda on the basis of his disability.

48. As a result of the before mentioned, Mr. Seda is entitled to be paid by defendants the following compensatory damages:

    a) A sum in excess of $500,000.00 for physical and emotional distress and mental anguish, such amount to be doubled pursuant to the law.

    b) Any other permitted damages under the law.

## THIRD CLAIM FOR RELIEF

**(Mental and Moral Damages: Articles 1802 and 1803 of the Puerto Rico Civil Code)**

49. Plaintiffs incorporate as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

50. As a result of the before mentioned acts and omissions, the defendants have directly and intentionally inflicted emotional distress, humiliation, harassment, and physical and mental anguish on Mr. Seda, in an amount in excess of $500,000.00.  Mr. Seda has suffered immensely because of the illegal activities of defendants and is desperate, depressed, and anxious. He has spent endless nights and days of worry, uncertainty and despair. Defendants' actions also caused harm to the physical health of Mr. Seda,

7

including the shock to his lower torso and remaining leg and the harm to his heart.

**JURY DEMAND**

51.     Plaintiff demands a trial by jury.

**WHEREFORE**, in view of the foregoing, plaintiff respectfully requests that judgment be entered against the defendant, as follows:

    a)    Ordering defendant to pay plaintiff a sum in excess of $500,000.00 plus interest as per the First Claim for Relief (ADA);

    b)    Ordering the defendant to pay plaintiff a sum in excess of $500,000.00, plus interest as per the Second Claim for Relief (Law 44);

    c)    Ordering the defendant to pay plaintiff compensatory damages pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code;

    d)    Ordering defendant to provide the reasonable accommodations requested and cease and desist from any further discriminatory conduct;

    e)    Ordering the defendants in the respective causes of action to pay interests, costs, and attorneys' fees, pursuant to Title VII and Law 44; and,

    f)    Granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 17th day of December 2018.


**s/ Jane Becker Whitaker**
Jane Becker Whitaker
USDC- PR No. 205110

**s/Jean Paul Vissepó Garriga**
U.S.D.C. No. 221504

BECKER VISSEPÓ
Attorneys for the Plaintiffs
1125 Ponce de León, Suite 1102
San Juan, PR 00907
Tel. (787) 945-2406
Email: jbw@beckervissepo.com
janebeckerwhitaker@gmail.com
E-mail: jpg@beckervissepo.com
jp@vissepolaw.com.

9