IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE SEDA MARTINEZ, YASMIN RAMIREZ RODRIGUEZ,** and their conjugal partnership<br><br>Plaintiff,<br>v.<br><br>**NATIONAL UNIVERSITY COLLEGE, TRIPLE S INSURANCE COMPANY INSURANCE COMPANY ABC, CORPORATION DEF, JOHN DOE, JANE DOE, and their conjugal partnership,**<br><br>**Defendants** | **CIV. NUM** 18-1975 (DRD)<br><br>Re:Discrimination ADA; Action for Damages under Articles 1802, 1803 of of the Puerto Rico Civil Code |

### AMENDED COMPLAINT

**TO THE HONORABLE COURT**:

**COME NOW** the plaintiffs, Juan Seda Martinez, Yasmin Ramirez Rodriguez and their conjugal partnership, through the undersigned attorneys very respectfully STATE, ALLEGE and PRAY as follows:

### I.     INTRODUCTION

This is a civil action in which the Plaintiffs, Juan Seda Martinez, Yasmin Ramirez Rodriguez and their conjugal partnership claim damages as a result of defendants' intentional or negligent acts and omissions for which they are liable under the Puerto Rico Civil Code, caused as a result of violations of the American with Disabilities Act.

1

## II.     JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction over the present action pursuant to the American with Disabilities Act and pendent jurisdiction over Articles 1802 and 1803 of the Puerto Rico Civil Code.

2.     Venue is proper in this district under 28 U.S.C. § 1391(a)(1)& § 1391 (b)(2) because a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

## III.  THE PARTIES

3.     Plaintiffs, Jose Seda Martinez, Yasmin Ramirez Rodriguez are of legal age, married to each other, and residents of Puerto Rico.

4.     Defendant, National University College is an entity organized under the laws and statutes of the Commonwealth of Puerto Rico. Defendant is subject to the provisions of the Americans with Disabilities Act and the Puerto Rico Civil Code.

5.     Defendant Triple S Management Corporation is a corporation that has issued a policy that may cover the damages suffered by Plaintiffs in this case.

6.     Co-Defendants, Companies A, B & C, are corporations that may be responsible to Plaintiff for the facts alleged in the present Complaint, but at this moment their names and addresses are unknown.

7.     Co-defendants D, E & F Insurance Companies are the fictitious names of the insurance's companies whose places of business are in a state or territory other than Puerto Rico, in the United States of America. They had at all relevant times an insurance's policy to cover the damages alleged in this Complaint.  They are designated with these names because their true

identities are not known at the present time. As soon as their names and/or identities are known, the proper substitution will be made according to the applicable law.

8. Co-Defendants, John Doe and Mary Doe, are unknown individuals who are or might be responsible to the Plaintiffs for the facts alleged in the present Verified Complaint, but at this moment their names and addresses are unknown.

## IV. FACTS

9. Mr. Seda began to take classes at NUC about two years ago.

10. Mr. Seda had been a police officer for thirteen years and then went to work with his father in his liquor store in Cataño.

11. In February 2011, three assailants robbed the liquor store.

12. One of them shot Mr. Seda in the leg, which had to be amputated.

13. After a period of rehabilitation, Mr. Seda began doing odd jobs and helping his father, never making very much money.

14. Mr. Seda had an associate's degree, so he decided to apply to study to be able to achieve more out of his life.

15. In 2016, Mr. Seda applied to NUC, which accepted him for admission to study electrical technical engineering.

16. In his first semester Mr. Seda did not have any problems.

17. In his second semester, Mr. Seda was unable to use his desk because of its height and he asked his professors, who directed him to Student Affairs, for assistance.

18. Mr. Seda approached Willie Andrade Pizarro in Student Affairs, who told him that the Americans with Disabilities Act did not apply to NUC.

19. Mr. Seda kept trying.

20. Alise Aguirre told Mr. Seda that she was handling the matter.

21. Lisa M. Ortega had Mr. Seda complete a form to request a reasonable accommodation, but never responded to his request.

22. NUC's policy as to reasonable accommodations as required by the ADA has proven inadequate to afford the relief that the Americans with Disabilities Act requires for people in Mr. Seda's situation.

23. After Hurricane Maria, Mr. Seda asked to be able to perform his laboratory work on the first floor because of the frequent power outages.

24. NUC refused this reasonable accommodation as well, and, as result, on three occasions Mr. Seda was left on fifth floor to wait until the power returned.

25. NUC would not have incurred any expense by acceding to Mr. Seda's reasonable request for accommodation.

26. NUC's conduct of failing to grant this request constituted at the very least negligence.

27. On the fifth floor, Mr. Seda has to ask to use a key to use the men's room.

28. Due to the medications Mr. Seda must take because of his physical condition, once he realizes he need to use the bathroom, the need becomes urgent swiftly.

29. Because of this situation, which National University College refused to remedy, on more than one occasion Mr. Seda urinated on himself while waiting for defendant's employee to get him the key to the bathroom.

30. National University College's negligence and disregard for Mr. Seda's disability caused Mr. Seda to suffer public humiliation on more than one occasion.

31. When NUC had fire drills, its way of handling Mr. Seda's disability was to leave him in the building to burn.

32. On these occasions, thanks to NUC's negligent failure to implement a policy to handle Mr. Seda's handicap, Mr. Seda contemplated burning alive in his wheelchair.

33. On October 2, 2018, Mr. Seda went to NUC to perform laboratory work.

34. Because of the lack of a reasonable accommodation of providing him with a desk that would fit his wheelchair, Mr. Seda had to wedge his wheelchair into the laboratory cubicle.

35. Mr. Seda could not see beneath the desk, where the electric outlet had exposed wires.

36. Given that an electrical outlet ordinarily is not exposed, National University College knew or should have known that the outlet that shocked Mr. Seda's wheelchair and hurt him was exposed.

37. A reasonable person in National University College's position would have verified to determine that all electrical outlets that people could touch had covers.

38. As a result of defendants' violations of the ADA and their gross negligence, Mr. Seda then suffered a severe electrical shock.

39. Because of the shock, Mr. Seda has not been able to use his prosthetic leg, which severely limits his mobility.

40. Mr. Seda went to the emergency room because he suffered an electrical shock from the waist down through his privates and his remaining leg.

41. On October 3, 2018 Mr. Seda again asked NUC for assistance.

42. The Director of Student Affairs told Mr. Seda to bring him the bill from the emergency room, which he did. The director then told Mr. Seda that the bill was not a bill.

43. On October 3, 2018 in the morning Mr. Seda took two photographs of the outlet with the wires disconnected.

44. Mr. Seda called OSHA and told the NUC administration that they should fix the exposed wires.

45. By the time OSHA arrived, the NUC had fixed the exposed wires, and Maria Rivera Santiago denied that the problem had ever existed.

46. The OSHA representative told Mr. Seda that the NUC was denying the violation, and Mr. Seda showed him the photographs he had taken.

47. Mr. Seda subsequently went to his treating physician, Luis E. Moreno, MD, who examined him and found an irregular heartbeat.

48. Dr. Moreno told Mr. Seda that the electric shock could have caused harm to his heart.

49. Mr. Seda had laboratory tests performed and has an appointment for January 10 to discuss the results with Mr. Seda.

50. NUC has remodeled its tables for working with electricity, making them higher than before so that they are not within Mr. Seda's reach, requiring Mr. Seda to depend on fellow students to assist him.

51. To this day as a result of the electrical shock he suffered due to defendants' negligence, Mr. Seda suffers from pain in the stump of his leg.

52. Also as a result of defendants' negligence, Mr. Seda can no longer use his prosthetic leg to walk, so he is absolutely wheelchair bound

53. As a result of defendants' negligent acts and ommissions, in not maintaining in a proper working manner the electrical outlet when the university required Mr. Seda to put his wheelchair under the desk on, Mr. Seda suffered an electrical shock throughut his body which has caused physical damage, including harm to his heart and his extremities, as well as mental anguish and suffering to him and his wife.

54. Defendants had full control over the operations and maintenance of the electrical outlet that sent the electrical shock throughout Mr. Seda's body.

## FIRST CLAIM FOR RELIEF

### (ADA and Other Federal Laws)

55. Plaintiffs incorporates as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

56. Defendants' refusal to provide reasonable accommodations violated the Americans With Disabilities Act with knowing and reckless disregard of said Act's proscriptions.

57. The defendants engaged in policies and practices which willfully, or in the alternative unwilfully, discriminated against Mr. Seda on the basis of his disability as previously set forth in this Complaint.

58. All of the previously mentioned acts of defendants violate the ADA, and Mr. Seda should be paid compensation for his physical and emotional distress, caused by the negligence of National University College and punitive damages in an amount not less than $500,000.

59. Plaintiffs also ask the Court to enjoin defendant to provide the reasonable accommodations he has requested.

60. In particular, Mr. Seda asks the Court to order NUC to allow him to perform his work on the first floor of the university building; to provide him with a desk that will accommodate his wheelchair and thus afford Mr. Seda the opportunity to perform the work he is trying to learn to learn to be able to become a licensed electrician; and inspect and repair hazards on its campus.

## SECOND CLAIM FOR RELIEF

## (ACT 44 - P.R.)

61. Plaintiffs incorporate as if realleged, the preceding paragraphs with the same force and effect as if herein set forth.

62. The acts of defendants previously set forth in this Complaint, also violate Puerto Rico's Act 44 of July, 2nd 1985, as amended, 1 L.P.R.A. 501 et seq., because plaintiff's disability was a motivating factor and made a difference in the decision to refuse Mr. Seda a reasonable accommodation, and defendants willfully, or in the alternative, unwillfully, engaged in practices that discriminated against Mr. Seda on the basis of his disability.

63. As a result of the before mentioned, Mr. Seda is entitled to be paid by defendants the following compensatory damages:

    a) A sum in excess of $500,000.00 for physical and emotional distress and mental anguish, such amount to be doubled pursuant to the law.

    b) Any other permitted damages under the law.

    c) Mr. Seda seeks the same injunctive relief under Law 44 as he requests under the Americans with Disabilities Act.

## THIRD CLAIM FOR RELIEF

**(Mental and Moral Damages: Articles 1802 and 1803 of the Puerto Rico Civil Code)**

64.  Plaintiffs incorporate as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

65. As a result of the before mentioned acts and omissions, the defendants have directly and intentionally, or, in the alternative, negligently inflicted emotional distress, humiliation, harassment, and physical and mental anguish on Mr. Seda, in an amount in excess of $500,000.00.

66.  Mr. Seda has suffered immensely because of the unreasonable actions of defendants that constitute negligence and is desperate, depressed, and anxious. He has spent endless nights and days of worry, uncertainty and despair. Defendants' actions also caused harm to the physical health of Mr. Seda, including the shock to his lower torso and remaining leg and the harm to his heart.

67.  Mrs. Ramirez also suffered emotional anguish as a result of Mr. Seda's condition, which defendants caused.

68**.**  The amounts asserted in this section are claimed against each of the defendants.

## VI. JURY DEMAND

58.   The Plaintiffs very respectfully request a jury trial.

## VII. PRAYER

**WHEREFORE,** it is respectfully requested that this Honorable Court, for the above stated reasons, plaintiffs, Jose Seda Martinez, Yasmin Ramirez Rodriguez, and the conjugal partnership they form ask for judgment against defendants for their negligent acts and omissions, for the following:

a) five hundred thousand dollars ($500,000.00) for physical damages to Jose Seda Martinez;

b) five hundred thousand dollars ($500,000.00), for the mental anguish and suffering of Jose;

c) ten thousand dollars($10,000.00) for medical expenses; and

d) three-hundred thousand dollars ($300,000.00), for the mental anguish and suffering of Yasmin Ramirez Rodriguez;

e) the injunction relief of allowing Mr. Seda to perform his classwork on defendant's building's first floor; providing him with a desk that will accommodate his wheelchair; and inspecting and repairing hazards at the university.

f) costs of suit, attorneys' fees, expenses, and all other relief the court deems proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico on June 11, 2019.

**We hereby inform:** that on this date we have presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which system will notify all counsel of record.

 **s/ Jane Becker Whitaker**
Jane Becker Whitaker
USDC- PR No. 205110
**s/Jean Paul Vissepó Garriga**
U.S.D.C. No. 221504
**BECKER VISSEPÓ**
Attorneys for the Plaintiffs
1125 Ponce de León, Suite 1102
San Juan, PR 00907
Tel. (787) 945-2406
Email: jbw@beckervissepo.com
janebeckerwhitaker@gmail.com
E-mail: jpv@beckervissepo.com
jp@vissepolaw.com.

10